

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Scibelli v. Lebanon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3404

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Scibelli v. Lebanon" (2007). *2007 Decisions.* Paper 1513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-134                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3404
_____

DAVID C. SCIBELLI,

Appellant

v.

LEBANON COUNTY, PA; SHERIFF MICHAEL DEHEO,
LEBANON COUNTY; DEPUTY WARDEN WILLIAM MOHL;
JUDGE BRADFORD H. CHARLES
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00369)
District Judge: Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges.

(Filed: March 7, 2007)

_____

OPINION
_____

PER CURIAM

David Scibelli appeals the order of the United States District Court for the Middle

District of Pennsylvania dismissing his complaint.

In February 2006, Scibelli filed a complaint against various Lebanon County, Pennsylvania officials. Scibelli moved to amend his complaint, and the District Court ordered him to file an amended complaint by March 24, 2006. Thereafter, the District Court twice extended the time to file the amended complaint. The District Court ultimately advised Scibelli that failure to file an amended complaint by May 12, 2006, would result in dismissal of the action. On that date, Scibelli filed a motion for recusal. Three days later, Scibelli filed an amended complaint. The District Court dismissed the complaint, noting that it was "exceptionally difficult to understand and in many instances [] either illegible or incomprehensible." Scibelli filed a motion for reconsideration, which the District Court denied.

Scibelli timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Scibelli leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8 (e)(1). We agree with the District Court that Scibelli's amended complaint was "illegible or incomprehensible." We discern nothing in the complaint that qualifies as a short and

2

plain statement of a federal claim.  Although Scibelli alleges defendants caused him "injuries and violations of his Constitutional Rights," the complaint fails to identify a federal constitutional or statutory basis for relief.  Accordingly, the District Court properly dismissed Scibelli's complaint.   Although the order does not provide that the dismissal is without prejudice, an order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication of the merits.  <u>See</u>, <u>e.g.</u>, <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n.1 (5th Cir. 2005).  The District Court did not abuse its discretion in denying Scibelli's motion for reconsideration, which asserts error but does not clarify Scibelli's claims or otherwise provide a basis for reconsideration.

For the foregoing reasons, Scibelli's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.